44 F.3d 1031
 310 U.S.App.D.C. 142
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
PIKE FAMILY BROADCASTING, INC., Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee.
 No. 93-1285.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 21, 1994.
 
 Before: SENTELLE, HENDERSON, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on an appeal from an order of the Federal Communications Commission, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED that the order of the Federal Communications Commission is hereby affirmed, for substantially the reasons set forth in the Commission's Memorandum Opinion and Order, 7 F.C.C. Rcd 4250 (1992), and the Commission's Memorandum Opinion and Order, 6 F.C.C. Rcd 5552 (1991). Under this Court's decision in Malkan FM Associates v. FCC, 935 F.2d 1313 (D.C.Cir.1991), the Commission acted reasonably in rejecting the application of Pike Family Broadcasting ("Pike") for an FM construction permit and in denying Pike's petition for leave to amend that application to bring its transmitter height into compliance with the terms of a 1972 treaty with Mexico. Malkan continues to govern this issue, notwithstanding the error that existed in the Commission's regulations from 1989 to 1991 regarding the proper transmitter height. That error was not made until over two years after Pike filed its application, and in any event, it does not affect our view that Malkan controls the disposition of this appeal. The Commission also acted reasonably in rejecting Pike's request that the Commission notify Mexico of the proposed transmitter height, on Pike's theory that if Mexico did not object, the Commission then could accept the Pike application. The Commission has satisfactorily distinguished its two uses of a similar notification procedure cited by Appellant, once with respect to a substantively different provision of a treaty with Canada, and once under the Mexico treaty on behalf of all the applicants at Ludlow, California.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.